DONALD SPECTER (SBN 83925)
SARA NORMAN (SBN 189536)
**PRISON LAW OFFICE**
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Fax: (510) 280-2704
dspecter@prisonlaw.com
snorman@prisonlaw.com

SHAWN HANSON (SBN 109321)
AMIT KURLEKAR (SBN 244230)
KELSEY MORRIS (SBN 277859)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
580 California Street, Suite 1500
San Francisco, CA 94104-1036
Telephone: (415) 765-9500
Fax: (415) 765-9501
shanson@akingump.com
akurlekar@akingump.com
kmorris@akingump.com

Counsel for Plaintiffs Quinton Gray, Angela Patterson, Stanley Kujawsky, and John Rosson III

ARTHUR K. CUNNINGHAM (SBN 97506)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
650 East Hospitality Lane, Suite 600
San Bernadino, CA 92408
Telephone: (909) 387-1130
Fax: (909) 387-1138
akcatty@lbbslaw.com

CHRISTOPHER D. LOCKWOOD (SBN 110853)
**ARIAS & LOCKWOOD**
225 W. Hospitality Lane, Suite 314
San Bernadino, CA 92408
Telephone: (909) 890-0125
Fax: (909) 890-0185

Counsel for Defendant County of Riverside

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| QUINTON GRAY, ANGELA PATTERSON, STANLEY KUJAWSKY, AND JOHN ROSSON III on behalf of themselves and all others similarly situated<br>Plaintiffs,<br>v.<br>COUNTY OF RIVERSIDE,<br>Defendant. | Case No. 5:13-cv-00444-VAP-OP<br>**PROPOSED CLASS ACTION**<br>**JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f) & ORDER DATED MAY 28, 2013**<br>**Judge**: Hon. Virginia A. Phillips<br>**Date**: Aug. 12, 2013<br>**Ctrm**: 2 |

Plaintiffs Quinton Gray, Angela Patterson, Stanley Kujawsky, and John Rosson III ("Plaintiffs"), and Defendant County of Riverside ("Defendant"), having conferred by and through their respective counsel by email and teleconference on July 22 and July 25, 2013 (the "Meet and Confer"), hereby submit this joint report (the "Joint Report") in advance of the scheduling conference docketed for August 12, 2013 (the "Scheduling Conference") regarding the matters set forth in Fed. R. Civ. P. 26(f) and the Court's Order dated May 28, 2013:

1. **Short Synopsis of Principal Issues in Case (Order Dated November 30, 2012):**

**Plaintiffs' Statement:** On April 30, 2013, Plaintiffs filed their First Amended Class Action Complaint for Injunctive and Declaratory Relief (the "First Amended Complaint"). Plaintiffs request a declaratory judgment that Defendant's policies and practices as to the health care treatment of inmates at the jails in Riverside County violate the rights of Plaintiffs and the class they represent under the Eighth and Fourteenth Amendments to the U.S. Constitution. Plaintiffs also request injunctive relief, ordering Defendant to develop and implement, as soon as practical, a plan to eliminate the substantial risks of serious harm that Plaintiffs and members of the Plaintiff class suffer due to Defendant's inadequate medical and mental health care. On May 23, 2013, Defendant filed its Answer to the First Amended Complaint, denying the substantive allegations in the First Amended Complaint.

**Defendant's Statement:** Due to a serious drop in revenue, the budgets of all County departments were significantly reduced. This included the Sheriff's Department. In 2010, the Grand Jury issued a report finding that due to the budget cuts, some medical and mental health needs at County jails were not being met. The Sheriff's Department and the County made multiple changes in response. The Sheriff requested that outside agencies review medical and mental health care and

make recommendations. The budget for medical and mental health care was increased, staffing levels were increased, procedures were modified, and plans were implemented to resolve any remaining issues well before this lawsuit was filed. Therefore, this lawsuit is not needed to address medical or mental health issues in County jails. Three of the four plaintiffs are no longer in County jails, and if any specific issues arise, they can be addressed through the grievance process and individual lawsuits if necessary.

2. **Rule 26(a) Initial Disclosures (Fed. R. Civ. P. 26(f)(3)(A)):** The parties agree that required disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be made no later than 30 days after the Scheduling Conference.

3. **Discovery (Fed. R. Civ. P. 26(f)(3)(B)):** The parties respectfully propose that the Court set a cut-off date for fact discovery no earlier than six months after Plaintiff's request for class certification has been resolved by the Court.

4. **Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C)):** The parties agreed to take appropriate steps to preserve documents and electronically stored information relevant to the claims and defenses of any party to the case. The parties expect to reach an agreement regarding a document retention notice and protocols for the production of electronically stored information.

5. **Privilege (Fed. R. Civ. P. 26(f)(3)(D)):** The parties agree that it was premature to determine whether there were or would be any issues about claims of privilege requiring the Court's attention. The parties agreed to notify the Court of any such issues in a prompt and coordinated manner.

6. **Changes to Discovery (Fed. R. Civ. P. 26(f)(3)(E)):** The parties agree that they do not expect that this case would require any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court, other than possibly waiving the limits on the numbers of Interrogatories and Requests for Admission that the parties are allowed to propound. The parties

agreed further, however, that nothing contained herein would prevent any party from seeking leave of the Court to take additional depositions upon a showing of good cause, or to expand the duration of any deposition beyond one day of seven hours, as set forth in Fed. R. Civ. P. 30(d)(1), if needed to complete the fair deposition of a witness. Furthermore, nothing contained herein would prevent or limit any party from: (i) objecting to discovery notices or requests, (ii) seeking relief from the Court with regard to any party's discovery notices or requests, or (iii) seeking relief from the Court with regard to limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

7. **Other Orders (Fed. R. Civ. P. 26(f)(3)(F)):**

a. **Protective Order (Fed. R. Civ. P. 26(c)):** The parties expect to submit for the Court's approval a proposed order governing the production of confidential information (documents and electronically stored information).

b. **Other Matters (Fed. R. Civ. P. 16):** During the Meet and Confer, counsel to Plaintiffs inquired whether counsel to Defendant would stipulate to class certification. That request is still pending. If the parties cannot reach such a stipulation, they agree to the following proposed briefing schedule with respect to Plaintiff's motion for class certification:

i. Plaintiffs shall file their Moving Brief on or before April 14, 2014;

ii. Defendant shall file its Opposition Brief on or before June 16, 2014; and

iii. Plaintiffs shall file any Reply Brief on or before June 30, 2014.

8. **Manual For Complex Litigation (Local Rule 26-1(a)):** The parties agree that the procedures of the Manual For Complex Litigation (current edition) should

be utilized in this case as appropriate, and will meet and confer at the appropriate times to determine when those procedures are applicable.

9. **Motion Schedule (Local Rule 26-1(b)):** As set forth in Section 7(b) of this Joint Report, Plaintiffs intend to file a motion for class certification. The parties propose that the Court set July 14, 2014, as the hearing date for Plaintiffs' motion for class certification. The parties agree that in light of Plaintiffs' forthcoming motion for class certification, it is premature to determine when any other dispositive motions would be made, and the deadlines for such motions.

10. **Settlement and ADR (Fed. R. Civ. P 26(f)(2) & Local Rule 26-1(c)):** The parties raised the issue of settlement and agree that it was premature to explore any such prompt resolution to the case. The parties agreed, pursuant to Local Rule 16-15.4(1), to utilize a United States Magistrate Judge assigned to the case for any settlement conference ordered by the Court. Defendants suggest private mediation as an alternative if a Magistrate Judge is not available.

11. **Trial Estimate (Local Rule 26-1(d)):** The parties agree to a preliminary estimate of a 2-3 week trial if a class is certified, and a 1-2 week trial for this case if a class is not certified.

12. **Additional Parties (Local Rule 26-1(e)):** Plaintiffs reserve all rights with respect to the appearance and/or naming of additional parties to the case, since Plaintiffs anticipate adding new class representatives up to the date of trial. Defendant has not agreed to such additions.

13. **Expert Witnesses (Local Rule 26-1(f)):** The parties agree that fact discovery in this case will last approximately 6-8 months, and that expert discovery, and any related disclosures under Fed. R. Civ. P. 26(a)(2), would occur thereafter pursuant to an Order entered by the Court.

14. **<u>Schedule of Pretrial and Trial Dates</u>**: The parties have attached a schedule of pretrial and trial dates, pursuant to the Court's Order dated May 28, 2013, as Exhibit A.

Dated: August 5, 2013

Respectfully submitted,

PRISON LAW OFFICE

By: */s/*

DONALD SPECTER
SARA NORMAN
Counsel for Plaintiffs

ARIAS & LOCKWOOD

By: */s/*

CHRISTOPHER D. LOCKWOOD
Counsel for Defendant

EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: QUINTON GRAY, et al. v. COUNTY OF RIVERSIDE

CASE NO.: 5:13-cv-00444-VAP-OP

| **Matter** | **Plaintiff(s) Request** | **Defendant(s) Request** | **Court's Order** |
|---|---|---|---|
| Trial Date (**Tuesday**)<br>Jury ☐; Court ☒;<br>Length: 10 Days | 5/19/2015 | | |
| Pretrial Conf., L.R. 16; Hearing on Motions in Limine | 5/5/2015 | | |
| Last day to conduct Settlement Conf., L.R. 16-15 | 4/27/2015 | | |
| Last day for **hearing** non-discovery motions | 3/23/2015 | | |
| All Discovery Cutoff, including hearing all discovery motions | 2/9/2015 | | |
| Expert Disclosure (rebuttal) | 12/3/2014 | | |
| Expert Disclosure (initial) | 11/3/2014 | | |
| Last day to amend pleadings or add parties | 5/19/2015 (new Plaintiff class reps) | | |
| Last day for filing motion for class certification (if applicable) | 4/14/2014 | | |
| Hearing on motion for class certification (if applicable) | 7/14/2014 | | |

LOCAL RULE 16-15 Settlement Choice:

- ☒ U.S. Magistrate Judge (#1)
- ☐ Attorney Settlement Officer Panel (#2)
- ☐ Outside ADR (#3)