UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTON GRAY, et al,<br><br>     Plaintiffs,<br><br>v.<br><br>COUNTY OF RIVERSIDE,<br><br>     Defendant. | Case No. EDCV13-0444 VAP (OP)<br><br>**PROPOSED CLASS ACTION**<br><br>**PROTECTIVE ORDER** |

Pursuant to the Stipulation for Protective Order filed by the parties herewith, the Court orders as follows:

**A.    CONFIDENTIAL MATERIAL AND INFORMATION SUBJECT TO THIS PROTECTIVE ORDER**

The parties shall be entitled to designate in good faith which discovery responses are confidential. The criteria for such a designation shall be whether a party believes in good faith that the information is entitled to protection from disclosure under federal and California state law, including but not limited to the names and numbers of prisoners, information that might compromise the safety or security of a prison or prisoner, and protected health information as defined by the Health Insurance Portability and Accountability Act, 45 CFR § 160.103.

**B.    CONDITIONS FOR RELEASE OF CONFIDENTIAL DOCUMENTS**

**1.**  Any party may designate discovery responses, documents produced in discovery, or deposition transcripts as confidential by producing such documents on

pink or lilac-colored paper, by stamping them as "confidential" on their face, by watermarking them, or by other mutually agreeable means. If a party does not indicate that a particular document is confidential at the time it is produced, it will be presumed not confidential, without prejudice to the party's right to assert confidentiality at a later time.

**2.** Plaintiffs' counsel is prohibited from disclosing any confidential documents or information to Plaintiffs, any other prisoner presently or previously in the custody of the Riverside County Jails, any relatives or associates of a prisoner presently or previously in the custody of the Riverside County Jails, or any other member of the public, except as described in Paragraph 3 below.

**3.** Unless the Court orders otherwise, confidential documents and the information contained therein may be disclosed only to the following persons:

    a.    Counsel of record;

    b.    Paralegal, attorney, stenographic, clerical, and secretarial personnel employed by counsel of record;

    c.    Court personnel, stenographic reporters, and videographers engaged in such proceedings incidental to preparation for the trial in this action;

    d.    Any outside expert or consultant retained by either party for purposes of this litigation;

    e.    Non-prisoner witnesses to whom the documents and the information contained in the documents may be disclosed during, or in preparation for, a deposition taken in this matter, or otherwise during the preparation for trial and during trial, provided that the witness may not leave any deposition with copies of any of the confidential documents, and shall be informed of and shall agree to be bound by the terms of this order by executing Exhibit A to this stipulation;

    f.    Any person expressly named and agreed to in writing by the parties.

g.      Notwithstanding the foregoing, protected health information may be disclosed to the person about whose health the information refers.

**4.**  With the exception of disclosure pursuant to ¶ 3(g) above, each person to whom the parties' counsel discloses confidential information shall, prior to the time of disclosure, be provided with a written notice.  The notice shall specify that the documents and information shall not be disclosed except as provided herein, that the documents and information are subject to this protective order in the United States District Court for the Central District of California, and that a violation of the confidentiality provisions may lead to enforcement action, including, but not limited to, any proceeding for civil or criminal contempt.

**5.**  Plaintiffs' and Defendant's counsel, including paralegal, stenographic, clerical, and secretarial personnel employed by counsel of record, shall not make copies of the confidential documents, or provide originals to anybody, except as necessary for purposes of this litigation, including appeals. Plaintiffs' and Defendant's counsel are responsible to ensure that these individuals comply with this protective order.

**6.**  At the conclusion of this litigation, including appeals, all confidential documents, including copies, shall be destroyed or returned to the producing party, at the producing party's discretion.

**7.**  All confidential documents and the information contained therein shall be used solely in connection with this litigation, including appeals, and not for any other purpose, including other litigation.

**8.**  All confidential documents that are filed with the Court shall be filed with a request to seal documents in accordance with Central District of California Local Rule 79-5. Upon failure of the filing party to file confidential documents under seal in accordance with Local Rule 79-5, any party may request that the Court place the document under seal.

**PROTECTIVE ORDER**

**9.** Nothing in this protective order is intended to prevent officials or employees of the County of Riverside, or other authorized government officials, from having access to confidential documents to which they would have access in the normal course of their official duties.

**10.** The provisions of this protective order are without prejudice to the right of any party:

    a.    To apply to the Court for a further protective order relating to any confidential documents or material or to discovery in this litigation;

    b.    To apply to the Court for an order removing the confidential material designation from any documents; or

    c.    To object to a discovery request.

**11.** This Protective Order shall be binding on the parties as of the date it is signed by the parties. The provisions of this order shall remain in full force and effect until further order of this Court.

**C.   HANDLING OF CONFIDENTIAL DOCUMENTS AT TRIAL**

To the extent any party seeks to use documents designated as "confidential" as exhibits at trial, the parties shall meet and confer in an attempt to obtain agreement regarding the handling of such materials during trial, and either party may petition the court for a resolution of this matter, as provided in the local rules and this Court's Standing Order, filed March 13, 2013 (Doc. 5).

**IT IS SO ORDERED.**

Dated:   10/21/2013

_____
The Honorable Oswald Parada
United States Magistrate Judge

**PROTECTIVE ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28