ARTHUR K. CUNNINGHAM, SBN 97506
  E-Mail: akcatty@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
650 East Hospitality Lane, Suite 600
San Bernardino, California 92408
Telephone: (909) 387-1130
Facsimile: (909) 387-1138

CHRISTOPHER D. LOCKWOOD, SBN 110853
  E-Mail: christopher.lockwood@ariaslockwood.com
ARIAS & LOCKWOOD
225 W. Hospitality Lane, Suite 314
San Bernardino, California 92408
Telephone: (909) 890-0125
Facsimile:  (909) 890-0185

Attorneys for defendant County of Riverside

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| QUINTON GRAY, ANGELA PATTERSON, STANLEY KUJANSKY, JOHN ROSSON III, BRANDY McCLELLAN, JULIE MILLER, MICHAEL WOHLFEIL, DAVID MADRID, and HIKKO QUARLES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF RIVERSIDE,<br><br>Defendant. | CASE NO. EDCV 13-0444 VAP (OPx)<br><br>ANSWER TO THIRD AMENDED COMPLAINT |

Defendant County of Riverside answers the third amended complaint as follows:

**Nature of the action**

1. It is admitted that the County of Riverside operates 5 jails which house both pretrial detainees and convicted inmates, and it is admitted that collectively the jails have 3906 beds, which is one of largest jail systems in California.

2. The allegations are denied.

**Jurisdiction**

    3. Federal jurisdiction is admitted.

**Venue**

    4. Venue is admitted.

**Parties**

    5. It is admitted that at the time the original complaint was filed, Quinton Gray was an inmate housed in a Riverside County jail. It is admitted that during his stay at Riverside County jails he has had some medical conditions which required care. The remaining allegations are denied.

    6. The allegations are denied.

    7. It is admitted that Angela Patterson was an inmate housed in a Riverside County jail at the time the original complaint was filed. It is admitted that during her stay at Riverside County jails she has had some medical conditions which required care. The remaining allegations are denied.

    8. It is admitted that there was some delay in a precautionary follow up CT scan. It is denied that the delay caused any harm. The remaining allegations are denied.

    9. It is admitted that Stanley Kujawsky was an inmate housed in a Riverside County jail at the time the original complaint was filed. It is admitted that during his stay at Riverside County jails he has had some medical conditions which required care. The remaining allegations are denied.

    10. It is admitted that John Rossen III is an inmate currently housed in a Riverside County jail, and that during his stay at Riverside County jails he has had some medical conditions which required care. The remaining allegations are denied.

    11. It is admitted that Brandy McClellan was an inmate housed in a Riverside County jail at the time the second complaint was filed. It is admitted that during her stay at Riverside County jails she has had some medical conditions which required

1  care.  The remaining allegations are denied.

2      12.  It is admitted that Julie Miller was an inmate housed in a Riverside County jail at the time the second amended complaint was filed.  It is admitted that during her stay at Riverside County jails she has had some medical conditions which required care.  The remaining allegations are denied.

    13.  It is admitted that Michael Wohlfeil was an inmate housed in a Riverside County jail at the time the second amended complaint was filed.  It is admitted that during his stay at Riverside County jails he has had some medical conditions which required care.  The remaining allegations are denied.

    14.  The allegations are denied.

    15.  It is admitted that at the time the third amended complaint was filed, David Madrid was an inmate housed in a Riverside County jail.  The remaining allegations are denied.

    16.  It is admitted that at the time the third amended complaint was filed, Nikko Quarles was an inmate housed in a Riverside County jail, he had a broken left ankle and a nasal fracture as a result of an altercation with other inmates, and he has received medical treatment while in County jail.  The remaining allegations are denied.

    17.  It is admitted that Nikko Quarles has at times been housed at the Presley Detention Center.  The remaining allegations are denied.

    18.  The allegations are admitted.

    19.  It is admitted that due to scheduled surgery for nasal fracture repair resulting from his altercation with other inmates, Mikko Quarles has at times been housed in the medical portion of the Robert Presley Detention Center.  The remaining allegations are denied.

    20.  It is admitted that the County of Riverside operates the specified 5 jails which are capable of housing up to 3906 inmates.  The last two sentences are a legal contention, not a fact.  Any intended factual indication that the County jails do not

comply with federal law are denied.

**Factual allegations**

21. The allegations are denied.

22. The allegations are denied.

23. The allegations are denied.

24. The allegations are denied.

25. The allegations are denied.

26. It is admitted that Mr. Gray's intake form does not list health care needs because of the responses he gave to questions; the nurse's history and physical form prepared the same day lists his medical conditions. Allegations about unidentified people at unidentified jails on unidentified dates are denied for lack of information and belief. The remaining allegations are denied.

27. This paragraph refers to an identified person at an unidentified jail. Based on lack of information and belief, the allegations are denied. The allegations of the first sentence are denied.

28. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

29. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

30. This paragraph refers to an unidentified person at an unidentified jail. Based on lack of information and belief, the allegations are denied.

31. The allegations are denied.

32. It is denied that the purported quotations are from statements made by the Sheriff. The remaining allegations are denied.

33. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are

4

denied.

34. The allegations are denied.

35. The allegations are denied.

36. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

37. It admitted that three court orders for medical care were issued concerning Quinton Gray. It is admitted that court orders for medical care were issued concerning Stanley Kujawsky and Michael Wohfleil. The remaining allegations are denied.

38. This paragraph refers to an unidentified person at an unidentified jail. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

39. The allegations are denied.

40. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

41. It is admitted that Gray has filed grievances. The remaining allegations are denied.

42. The allegations are denied.

43. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

44. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

45. It is admitted that Angela Patterson was involved in a fatal automobile accident in which two other people were killed on June 17, 2009. It is admitted that

following non-County hospital treatment, she was booked in a Riverside County jail on July 16, 2009, but was then transferred to Riverside County Hospital until August 17, 2009. It is admitted that on August 17, 2009, she was returned to jail. The remaining allegations are denied.

46. It admitted that in August of 2010 Angela Patterson was prescribed lifetime anticoagulant medication, and that all medications present some risks. The remaining allegations are denied.

47. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

48. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

49. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

50. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

51. The allegations are denied.

52. The allegations are denied.

53. The allegations are denied.

54. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

55. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

56. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

57. The allegations are denied.

58. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied. The allegations of the first sentence are denied.

59. It is admitted that there was delay in a precautionary follow up CT scan. It is denied that delay caused any harm. The remaining allegations are denied.

60. The allegations are denied.

61. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

62. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

63. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

64. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

65. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

65. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

66. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

67. The allegations are denied.

68. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

68. This paragraph refers to an unidentified person. Based on lack of information and belief, the allegations are denied.

69. This paragraph refers to an unidentified person at an unidentified jail. Based on lack of information and belief, the allegations are denied.

70. This paragraph refers to an unidentified person at an unidentified jail. Based on lack of information and belief, the allegations are denied.

71. This paragraph refers to an unidentified person at an unidentified jail. Based on lack of information and belief, the allegations are denied.

72. The allegations are denied.

73. The allegations are denied.

74. This paragraph refers to unidentified persons at an unidentified jail. Based on lack of information and belief, the allegations are denied. The allegations of the first sentence are denied.

75. This paragraph refers to an unidentified person at an unidentified jail. Based on lack of information and belief, the allegations are denied.

76. The allegations are denied.

77. This paragraph refers to unidentified persons at an unidentified jail at unidentified times. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

78. This paragraph refers to unidentified persons at an unidentified jail at unidentified times. Based on lack of information and belief, the allegations are

denied. The remaining allegations are denied.

79. This paragraph refers to unidentified people at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

80. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

81. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

82. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

83. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

84. The allegations are denied.

85. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

86. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied.

87. It is admitted that this paragraph contains an accurate quotation from the Sheriff's July 5, 2011 response to the grand jury. The remaining allegations are denied.

88. The allegations are denied.

89. This paragraph refers to an unidentified person at an unidentified jail at

an unidentified time. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

90. This paragraph refers to unidentified people at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

91. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

92. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

93. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

94. This paragraph refers to an unidentified person at an unidentified jail at an unidentified time. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

95. The allegations are denied.

96. It is admitted that this paragraph contains accurate quotations from excerpts from the cited grand jury reports. The remaining allegations are denied.

97. It is admitted that this paragraph accurately quotes an excerpt from the July 2011 IMQ report. The remaining allegations are denied.

98. It is admitted that in 2010, some doctor position vacancies occurred due to retirement and resignation, and that in May of 2012, two doctor positions were filled; as a result, a contract doctor was retained and inmates in need of medical care by a doctor were transported to a hospital or clinic. The remaining allegations are denied.

99. It is admitted that this paragraph accurately quotes a portion of the

January 2011 CSA report. It is admitted that in May of 2011 there were some positions which were not filled with full time employees; the alleged numbers of such positions are denied. The remaining allegations are denied.

100. It is admitted that on the specified dates not all positions were filled with full time permanent employees. The remaining allegations are denied.

101. The allegations are denied.

102. This paragraph refers to an unidentified person at an unidentified time. Based on lack of information and belief, the allegations are denied.

103. It is admitted that this paragraph accurately quotes an excerpt from a 2011 grand jury report. The remaining allegations are denied.

104. The allegations are denied.

105. The allegations are denied.

106. This is an abstract statement not specific to any person. The abstract statement is denied. Whether the past history is relevant depends on the specific issue being addressed, and whether past records should be reviewed also depends on the knowledge of the doctor, nurse or therapist.

107. The allegations are denied.

108. It is admitted that in December of 2011, there were three full time medical records technicians. The remaining allegations are denied.

109. The allegations are denied.

110. The allegations are denied.

111. The allegations are denied.

112. This paragraph alleges no facts. Any intended factual allegations are denied.

113. The allegations are denied.

114. The allegations are denied.

115. The allegations are denied.

116. The allegations are denied.

117. The allegations are denied.

118. It is admitted that grievances were filed; it is denied that the alleged dates are accurate. The remaining allegations are denied.

119. It is admitted that Mr. Kujawsky was prescribed Clonidine as he requested because it had controlled his blood pressure prior to his incarceration. The remaining allegations are denied.

120. The allegations are denied.

121. This paragraph refers to an unidentified person at an unidentified jail at mostly unidentified times. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

122. This paragraph refers to an unidentified person. Based on lack of information and belief, the allegations are denied.

123. This paragraph refers to an unidentified person at an unidentified jail. Based on lack of information and belief, the allegations are denied.

124. This paragraph refers to an unidentified person at an unidentified jail at unidentified times. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

125. It is admitted that some high risk inmates with a history of violence are given preliminary medical evaluations using the attorney booth because no physical contact is necessary for a preliminary medical evaluation. The remaining allegations are denied.

126. This paragraph alleges no facts. Any intended factual allegations are denied.

127. The allegations are denied.

128. It is admitted that this paragraph accurately quotes an excerpt from a 2011 grand jury report. The remaining allegations are denied.

129. The allegations are denied.

130. The allegations are denied.

131. The allegations are denied.

132. The allegations are denied.

133. It is admitted that Mr. Gray was given the prescribed medication Geodon. The remaining allegations are denied.

134. It is admitted that Mr. Gray was prescribed a second medication while he was taking the prescribed medication Geodon. The remaining allegations are denied.

135. The allegations are denied.

136. The allegations are denied.

137. The allegations are denied.

138. The allegations are denied.

139. The allegations are denied.

140. The allegations are denied.

141. This paragraph refers to an unidentified person at unidentified times. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

142. This paragraph refers to an unidentified person at unidentified times. Based on lack of information and belief, the allegations are denied.

143. This paragraph refers to an unidentified person at unidentified times. Based on lack of information and belief, the allegations are denied.

144. This paragraph refers to an unidentified person at unidentified times. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

145. This paragraph refers to an unidentified person at unidentified times. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

146. This paragraph refers to an unidentified person at unidentified times. Based on lack of information and belief, the allegations are denied.

147. This paragraph refers to an unidentified person at unidentified times. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

148. This paragraph refers to an unidentified person at unidentified times. Based on lack of information and belief, the allegations are denied.

149. This paragraph refers to an unidentified person at unidentified times. Based on lack of information and belief, the allegations are denied. The remaining allegations are denied.

150. The allegations are denied.

151. The allegations are denied.

152. It is admitted that this paragraph contains an accurate quotation from the Sheriff's July 5, 2011 response to the grand jury. The remaining allegations are denied.

153. The allegations are denied.

154. The allegations are denied.

155. It is admitted that this paragraph accurately quotes an excerpt from the July 5, 2011 response by the Sheriff. The remaining allegations are denied.

156. It is admitted that the 2010-2011 grand jury report and the 2012 grand jury report addressed staffing levels. It is admitted that the Sheriff's response to the 2010-2011 grand jury report dated July 5, 2011 agreed that staffing levels should be increased. The remaining allegations are denied.

157. It is admitted that the Sheriff invited CSA to inspect the jails and provide a recommendation. It is admitted that CSA conducted a limited technical assistance review and prepared a report dated January 28, 2011 which found non-compliance at the time with some state regulations; the report did not mention any actual harm to any inmate. The remaining allegations are denied.

158. It is admitted that in 2011, the Sheriff requested IMQ to do an assessment. It is admitted that IMQ conducted a survey of adult detention facilities

14

on May 2-5, 2011 and issued a report. It is admitted that the IMQ report recommended changes. The remaining allegations are denied.

159. It is admitted that the paragraph accurately quotes an excerpt from the Sheriff's response dated July 15, 2011, and that there were cuts in the Detention Health Services' budget for 2008-2009 and 2009-2010. The remaining allegations are denied.

160. It is admitted that the cited letter was sent. The remaining allegations are denied.

161. The allegations are denied.

**Disability discrimination**

162. The allegations are denied.

163. The allegations are denied.

164. The allegations are denied.

165. The allegations are denied.

**Class action allegations**

166. The allegations are denied.

167. It is admitted that the County jails collectively have 3906 beds. The remaining allegations are denied.

168. The allegations are denied.

169. The allegations are denied.

170. The allegations are denied.

171. The allegations are denied.

172. The allegations are denied.

**Medical subclass**

173. This paragraph alleges no facts. Any intended factual allegations are denied.

174. It is admitted that the County jails collectively have 3906 beds. The remaining allegations are denied.

175. The allegations are denied.

176. The allegations are denied.

177. The allegations are denied.

178. The allegations are denied.

179. The allegations are denied.

**Mental health subclass**

180. This paragraph alleges no facts. Any intended factual allegations are denied.

181. It is admitted that the County jails collectively have 3906 beds. The remaining allegations are denied.

182. The allegations are denied.

183. The allegations are denied.

184. The allegations are denied.

185. The allegations are denied.

186. The allegations are denied.

**Disabilities subclass**

187. This paragraph alleges no facts. Any intended factual allegations are denied.

188. It is admitted that the County jails collectively have 3906 beds. The remaining allegations are denied.

189. The allegations are denied.

190. The allegations are denied.

191. The allegations are denied.

192. The allegations are denied.

193. The allegations are denied.

**First claim for relief**

194. The allegations are denied.

195. The allegations are denied.

**Second claim for relief**

196. The allegations are denied.

197. The allegations are denied.

**Third claim for relief**

198. The allegations are denied.

199. The allegations are denied.

**Fourth claim for relief**

200. The allegations are denied.

201. The allegations are denied.

**Fifth claim for relief**

202. The allegations are denied.

203. The allegations are denied.

**Sixth claim for relief**

204. The allegations are denied.

205. The allegations are denied.

**Seventh claim for relief**

206. The allegations are denied.

207. It is admitted that during some times while they have been incarcerated in County jails, Madrid and Quarles have been qualified individuals with a disability as defined by 42 U.S.C. § 12131. It is denied for lack of information and belief whether other unidentified people plaintiffs define as õprisoners with disabilitiesö meet the statutory definition, and therefore allegations concerning unidentified people are denied for lack of information and belief.

208. The allegations are denied.

209. The allegations are denied.

210. The allegations are denied.

211. The allegations are denied.

///

**Eighth claim for relief**

212. The allegations are denied.

213. It is denied that Madrid and Quarles qualify as individuals with disabilities as defined in 29 U.S.C. § 705(20) or as individuals with significant disabilities as defined in 29 U.S.C. § 705(21). It is unknown whether other unidentified people plaintiffs define as õprisoners with disabilitiesö meet the statutory definitions, and therefore allegations concerning unidentified people are denied for lack of information and belief.

214. The allegations are denied.

215. The allegations are denied.

**Prayer for relief**

216. The allegations are denied.

217. This paragraph alleges no facts. Any intended factual allegations are denied.

## DEFENSES

The following appear to be part of plaintiffsø burden of proof, rather than affirmative defenses on which defendant has the burden of proof, but are asserted out of caution.

1. Plaintiffs (both named and unnamed class members) have not exhausted available grievance procedures.

2. Plaintiffs lack standing to sue. Plaintiffs lack standing to sue on a class basis for anything which a named plaintiff does not personally have standing to assert.

3. Plaintiffs (both named and unnamed class members) have refused to take prescribed medications, have refused or failed to attend scheduled medical appointments, and have otherwise refused or failed to take available steps for their own medical care.

4. Plaintiffs (both named and unnamed class members) have provided

inaccurate and incomplete information about their medical history and conditions both at intake and during meetings with medical personnel.

5. Prior to this lawsuit, the Sheriff's Department solicited recommendations for medical care in jails, made changes to medical care in jails based on those recommendations, and had an established plan for additional changes for medical care in jails. The budget, staffing, policies and procedures currently in effect are significantly different than in the time periods plaintiffs address.

**PRAYER**

Wherefore defendant prays for the following:

1. Judgment in favor of defendant and against plaintiffs.
2. Costs of suit.
3. Such other and further relief as the court may deem proper.

DATED: December 1, 2015          ARIAS & LOCKWOOD

By_____/s/_____
Christopher D. Lockwood
Attorneys for defendant County of Riverside