JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION - RIVERSIDE

| | |
|---|---|
| QUINTON GRAY, et al. | |
|             Plaintiffs, | |
|   v. | Case No. EDCV 13-0444 VAP (OPx) |
| COUNTY OF RIVERSIDE, | CONSENT DECREE |
|             Defendants. | |

**Introduction**

1. The parties enter into this Consent Decree to ensure the provision of constitutional health care and to ensure non-discrimination for inmates with disabilities in the Riverside County Jails.[1] The parties to this Consent Decree are Plaintiffs Quinton Gray, Angela Patterson, Stanley Kujawsky, John Rosson III, Brandy McClellan, Julie Miller, Michael Wolhfeil, David Madrid, and Nikko Quarles and the class and subclasses of inmates they represent, and the Defendant County of Riverside.

2. This action was filed by Plaintiffs on March 8, 2013. A Second Amended Complaint was filed on August 20, 2014, and a Third Amended Complaint on November 24, 2015. The action alleges that the County of Riverside fails to provide minimally adequate medical and mental health care to the people incarcerated in its jails, in violation of the Eighth and Fourteenth Amendments to the United Constitution, as well as discrimination against certain inmates with disabilities in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. On September 2, 2014, the Court denied Defendant's motion to dismiss and granted Plaintiffs' motion for class certification.

3. The Plaintiff class consists of "all prisoners who are now, or will be in the

---

[1] For the purposes of this Consent Decree, references to the Riverside Jails include the five jails (Presley Detention Center, Smith Correctional Facility, Southwest Detention Center, Indio Jail, and Blythe Jail) as well as the Riverside University Medical Center, to the extent it houses inmates under the jurisdiction of the Riverside County Sheriff, and any new structures designated to house prisoners under the jurisdiction of the Riverside County Sheriff subsequent to the date of this Consent Decree.

future, subjected to the medical and mental health policies and practices of Riverside County." The medical subclass comprises "[a]ll prisoners who are now, or will in the future be, subjected to the medical care policies and practices of the Riverside Jails" and the mental health subclass comprises "[a]ll prisoners who are now, or will in the future be, subjected to the mental health care policies and practices of the Riverside Jails." In addition, the parties hereby stipulate to an additional subclass of all prisoners who are now, or will be in the future, subjected to policies and practices of the Riverside jails regarding specialized or sheltered housing for prisoners due to their mobility impairments and need for assistive devices, and the provision and confiscation of accommodations for prisoners with mobility impairments, and agree that this class meets the requirements of Rule 23(a) and (b) of the federal Rules of Civil Procedure.

4. In January 2015, the parties suspended regular and expert discovery for the purpose of settlement negotiations. To aid in settlement negotiations, the parties agreed on February 20, 2015, to hire neutral experts "to determine whether the health care currently provided poses a significant risk of serious harm to prisoners confined in the Jails and, if so, to make recommendations for improvements that will provide the minimum care guaranteed by the U.S. Constitution." Should the experts determine that health care does fail to meet the constitutional minimum, the parties agreed to negotiate a Remedial Plan to address the identified deficiencies, including a commitment to secure funding necessary for implementation of the Remedial Plan and a timeframe for implementation. The parties further agreed that the Court would retain jurisdiction to

enforce the terms of its judgment and Plaintiffs would be prevailing party.

5. The parties jointly selected Dr. Scott Allen, Professor of Medicine at the University of California-Riverside, as the expert on medical care and Dr. Bruce Gage, Chief Psychiatrist of the Washington State Department of Corrections, as the expert on mental health care. The parties directed them to begin their work on March 3, 2015.

6. Both experts conducted extensive tours and reviews of the jail facilities, policies and procedures as well as interviews with staff and inmates. They drafted preliminary reports setting forth their findings and recommendations, and both parties were given the opportunity to review the reports and make comments. The experts submitted their final reports to the parties on July 15, 2015.

7. Each party to this Consent Decree was represented by counsel during its negotiation and execution. Plaintiffs and the Plaintiff classes and subclasses are represented by Donald Specter and Sara Norman, Prison Law Office, and Shawn Hanson and Danielle Ginty, Akin Gump. Defendant is represented by Arthur Cunningham, Lewis Brisbois Bisgaard & Smith, and James Brown, Assistant County Counsel for the County of Riverside.

8. Through this Consent Decree, Defendant agrees to implement the measures set forth in the Remedial Plan attached as Appendix A, subject to monitoring by the Court experts and Plaintiffs' counsel, negotiation between the parties, and if necessary, enforcement by the Court.

**Remedial Plan**

9.     Defendant shall fully implement all of the remedial measures, according to the specified timeframes, set forth in the Remedial Plan attached as Appendix A. Defendant shall secure the funding necessary to implement the Remedial Plan. The Remedial Plan is designed to meet the minimum level of health care necessary to fulfill Defendant's obligations under the Eighth and Fourteenth Amendments, as well as to ensure non-discrimination against inmates with disabilities in the areas addressed by the Plan, as required by the ADA and Section 504 of the Rehabilitation Act.

10.    Defendant shall, in consultation and collaboration with Plaintiffs' counsel, develop and implement appropriate and adequate plans, policies, and practices to ensure compliance with the Remedial Plan. At least 30 days prior to finalizing or implementing any new plans or policies developed to meet the terms of the Remedial Plan, Defendant will submit such plans or policies to Plaintiffs' counsel for their review and comments. Disagreements about the adequacy of such plans or policies shall be resolved pursuant to the dispute resolution procedure set forth below.

11.    Defendant may seek to modify the Remedial Plan if they believe in good faith that there is a significant change in the facts or the law such that the terms of the Remedial Plan will not effectively accomplish the goals set forth in Paragraph 1. Defendant's violations. Plaintiffs may seek to modify the Remedial Plan if the plan does not effectively accomplish those goals, or a modification is necessary to ensure Plaintiff class members receive adequate healthcare under the Eighth and Fourteenth

Amendment to the United States Constitution or to ensure that inmates are not subjected to disability discrimination under the ADA and/or Section 504 of the Rehabilitation Act in the areas covered by the Plan. Any party wishing to modify the plan must submit a proposed modification to the opposing party. The opposing party may request further information, request that the modification(s) be reviewed by the Court's experts, and/or request that the proposed modification(s) be subjected to the dispute resolution process described below. If the parties fail to reach agreement on the proposed modification(s), the party proposing the modification(s) may seek relief from the Court.

12. Within 180 calendar days of the date this Consent Decree is approved by the Court, Defendant shall provide to Plaintiffs' counsel a status report stating whether it is complying with the terms of this Consent Decree. This report shall include a description of the steps that Defendant has taken to implement the Remedial Plan. At the end of each subsequent 180-day period during the pendency of this Consent Decree, Defendant shall provide to Plaintiffs' counsel a status report addressing each item of the Remedial Plan and shall specify each and every item with which it is not in compliance.

**Court Experts**

13. The parties jointly request the appointment of Drs. Gage and Allen as Court experts pursuant to Rule 706 of the Federal Rules of Evidence to advise the Court on the County's compliance or non-compliance with the Remedial Plan, dispute resolution matters addressed in paragraph (4), and testimony, if required, as addressed in paragraph (6), below. . During the first year of this Consent Decree, the Court experts shall complete

two comprehensive reviews and reports, at least four months apart, to advise the parties and the Court on Defendant's progress in implementing the Remedial Plan.  For the remaining duration of this Consent Decree, the Court experts shall complete comprehensive reviews and reports as they determine to be necessary, or as requested by the parties, but not more than twice in one year, to advise the parties and the Court on Defendant's compliance or non-compliance with the Remedial Plan.  These comprehensive reviews and reports shall be considered separate and apart from any evaluations and reports prepared as part of the dispute resolution process described below.

    14.    The experts' duties specified in Appendix B shall be provided to the experts pursuant to Rule 706(b).  The Court experts shall be entitled to reasonable compensation in an amount approved by the Court, which shall be paid by Defendant.

    15.    The Court experts shall have reasonable access to all parts of any Riverside Jail, with appropriate notice, and access to the facilities will not be unreasonably restricted.  The experts shall have access to correctional and health care staff and inmates, including confidential and voluntary interviews as they deem appropriate.  The experts shall also have access to documents, including budgetary, custody, and health care documents, and institutional meetings, proceedings, and programs to the extent the experts determine such access is needed to fulfill their obligations.  The experts' tours shall be undertaken in a manner that does not unreasonably interfere with jail operations as determined by jail administrators.

16. The parties agree that they are each entitled to engage in ex parte communications with the Court experts. However, all of the experts' findings and recommendations shall be set forth in writing in their reports.

17. If for any reason either one is not appointed or can no longer serve, the parties shall attempt to agree on who shall be appointed in their place. If the parties do not agree, Defendant and Plaintiffs shall each nominate and submit two potential experts to be chosen and appointed by the Court.

**Notice to Class Members**

18. Defendant shall post notices of this action in a manner agreed upon by the parties. Such notices shall include a brief description of Plaintiffs' claims, the definition of the classes and subclasses, that the parties have entered into a Consent Decree to ensure constitutional medical and mental health care for the Plaintiff class, as well as to ensure non-discrimination as to inmates with disabilities in certain areas, and the contact information for the Prison Law Office to allow inmates to contact Plaintiffs' counsel.

**Plaintiffs' Monitoring and Access to Information**

19. Plaintiffs shall monitor Defendant's compliance with the Remedial Plan. Plaintiffs shall inform Defendant of alleged noncompliance with any aspect of the Remedial Plan. Defendant shall investigate alleged failures and provide Plaintiffs with a response in writing within 30 calendar days. If Plaintiffs are not satisfied with Defendant's response, the parties shall engage in the dispute resolution process described below.

20. Defendant shall provide Plaintiffs with access to information, including all Riverside Jail facilities, documents, records, and staff, that Plaintiffs believe in good faith is necessary to monitor Defendant's compliance with the Remedial Plan. From the date this Consent Decree is entered by the Court, Defendant shall provide Plaintiffs with access to such information within 15 calendar days of their request. If Defendant believes that the information requested by Plaintiffs is not necessary to monitor compliance with the Remedial Plan, the parties shall engage in the dispute resolution process described below.

21. Defendant shall grant Plaintiffs and their consultants the opportunity to conduct at least two tours of the Riverside Jails per calendar year for the purpose of monitoring compliance with the Remedial Plan. Tours by Plaintiffs and/or their consultants shall include reasonable access to all of the jail facilities, including all housing units, facilities where health care services are provided, facilities where inmates with disabilities are or may be housed and provided programming, and any other facilities where services are provided pursuant to the Remedial Plan. During the tours, Defendant shall make available for interview any supervisory, clinical, custodial, and program staff that have direct or supervisory responsibility for health care and disability accommodations. Defendant shall provide a Sheriff's Department contact person to ensure cooperation of institution staff with Plaintiffs in obtaining information they request during the tours. During the tours, Defendant shall permit and facilitate Plaintiffs having confidential and voluntary discussions with any inmate identified by

Plaintiffs. Upon request by Plaintiffs and pursuant to the protective order entered in this case, Defendant shall make available for inspection and/or copying the health care and/or custody files of specified inmates.

22. In the event that Defendant fails to make the employee or an agent requested by Plaintiffs available for an interview, the parties shall seek a determination from Judge Raul Ramirez by telephone as to whether Plaintiffs may depose the employee or agent who has not been made available. The parties agree that should such a deposition be required, the employee or agent shall be compelled to attend by subpoena, and the deposition may be taken in Riverside County without further leave of the Court.

23. Plaintiffs' counsel retain the ability to interview their clients pursuant to regular attorney-client visiting procedures established by the Sheriff's Department. The parties will attempt to establish an efficient means to allow Plaintiffs' counsel confidential telephonic interviews with individual inmates, with reasonable notice, in a manner that does not disrupt jail operations.

24. Plaintiffs' counsel shall be allowed to send postage pre-paid envelopes to their clients in the Riverside Jails.

**Individual Advocacy**

25. Plaintiffs may bring individual inmates' health care or disability accommodation concerns to the attention of Defendant's counsel, or their designee, who shall respond in writing within seven calendar days. This process is not meant to

replace or circumvent the existing processes for requesting medical or mental health services, or the existing grievance processes. Inmates will be encouraged to make use of those processes except where exigent circumstances or failures of those processes have occurred.

**Dispute Resolution**

26. At the request of any party, the parties shall conduct good faith negotiations to resolve informally any matter in dispute, including but not limited to any contention that Defendant is not substantially complying as required by this Consent Decree or the Remedial Plan(s), or any contention that Defendant has demonstrated sufficient compliance with the Consent Decree and/or Remedial Plan(s) that the Consent Decree and monitoring thereunder should be modified or terminated. Any party may begin this dispute resolution process by telephonic notice to the opposing party. The parties shall speak on the telephone or in person to attempt to resolve the dispute.

27. If the parties are unable to resolve the dispute within 30 days of the original notice, either party may inform the relevant Court experts of the area of disagreement and request that the experts evaluate the issue and prepare a report. The experts must provide their report regarding the area of disagreement within 30 days of the request. Defendant will pay the experts' reasonable fees for any reports prepared by a Court expert at the request of a party about a disputed issue, as contemplated by this paragraph. Any report prepared by a Court expert at the request of a party about a disputed issue, as contemplated by this paragraph, shall be admissible as evidence at the

request of any party in any judicial proceeding in this case, subject to appropriate objections pursuant to the Federal Rules of Evidence.

28. If within 30 calendar days of receipt of the Court experts' report, the parties are unable to reach a mutually satisfactory resolution of the dispute, either party may request mediation with Judge Raul Ramirez. The form of the mediation (whether in person or by telephone, timeframes, and any briefing to be provided) shall be established by Judge Ramirez after consultation with the parties.

29. If mediation with Judge Ramirez does not resolve the dispute to the mutual satisfaction of the parties, either party may file a motion for relief to the Court of continuing jurisdiction.

**Enforcement**

30. The Court shall retain jurisdiction to enforce the terms of this Consent Decree, and shall have the power to enforce the agreement through specific performance and all other remedies permitted by law until Defendant fulfills its obligations under this Consent Decree.

**Duration and Termination**

31. The duration of this Consent Decree is four years from the date this Consent Decree is entered by the Court, except that this time period may be extended as to any provision of this Consent Decree with which the Defendant is not in substantial compliance for so long as substantial non-compliance persists. Any such extension not mutually agreed upon by the parties shall be subject to the dispute resolution process set

forth above.

32. Defendant shall not file a termination motion pursuant to 18 U.S.C. § 3626(b)(1)(A)(i) for three years from the date this Consent Decree is entered by the Court. Any termination motion shall be based on a record of no less than one year of substantial compliance with all the requirements of this Consent Decree and the Remedial Plan.

33. Defendant may request a finding that Defendant is in substantial compliance with the Remedial Plan or a material component (defined as one of the (20) subparts of the Remedial Plan) thereof and has maintained substantial compliance for a period of twelve months. Such a finding will result in a reduction or suspension of monitoring of that material component. If Plaintiffs present evidence that Defendant is no longer in substantial compliance with material component(s) previously found in substantial compliance, the Court may order additional relief including but not limited to reinstating full monitoring.

**Costs and Fees**

34. **Costs and Fees For Monitoring and Enforcement**: Plaintiffs shall be compensated for their reasonable time and reasonable expenses relating to monitoring and enforcing this Consent Decree and Remedial Plan. For monitoring fees and expenses, Plaintiffs shall submit a detailed invoice for their fees and expenses (including the date, amount of time spent, and a general description of each task) at the end of every quarter and Defendant shall pay the amount requested by Plaintiffs within 60

12

Case No. EDCV12-0444 VAP (OP)

calendar days of receipt of each invoice, provided that Defendant need not pay any fees and expenses that exceed $150,000 per calendar year.

35. In addition, and notwithstanding the monetary limit set forth above, Defendant agrees to pay Plaintiffs' counsel for reasonable time and expenses in connection with efforts to resolve informally or through mediation or litigation any dispute related to this Consent Decree and Remedial Plan, subject to Defendant's right to dispute any such request for compensation, as provided in the dispute resolution mechanism set forth above.

36. For any tasks related to monitoring and enforcing this Consent Decree and Remedial Plan that relate to health care, Defendant shall pay Plaintiffs at hourly rates set forth under the PLRA, 42 U.S.C. Section 1997e.  For any tasks related to monitoring and enforcing this Consent Decree and Remedial Plan that relate to ensuring non-discrimination based on disability, Defendant shall pay Plaintiffs pursuant to the ADA and Section 504 of the Rehabilitation Act.

37. **Costs and Fees Prior to Entry of the Consent Decree:** The parties agree that, by entry of this Consent Decree, Plaintiffs are the prevailing party in this litigation. As a result, Defendant agrees to pay Plaintiffs their reasonable fees and costs, subject to the provisions of the PLRA, 42 U.S.C. Section 1997e, including its limitations as to hourly rates as applicable.  Defendant agrees to pay Plaintiffs $1,250,000 for reasonable fees and expenses incurred through Final Approval of the Consent Decree, including approval of all Remediation Plan(s). The parties acknowledge that Court approval of the

13

fees and expenses is required.

**Liability and Necessity for Relief**

38.     Defendant admits for the purpose of this lawsuit only that there exists probable cause to believe that violations of the federal rights of plaintiffs have occurred sufficient to warrant the relief contained herein.  The parties agree that the relief contained herein is narrowly drawn, extends no further than necessary to ensure the protection  of the federal constitutional and statutory rights of Plaintiffs, and is the least intrusive means necessary to accomplish those objectives.

**IT IS SO AGREED AND STIPULATED**.


DATED: November 24, 2015         LEWIS BRISBOIS BISGAARD & SMITH LLP



                                 By:      /s/ Arthur K. Cunningham
                                       Arthur K. Cunningham
                                       Attorneys for Defendant,
                                       COUNTY OF RIVERSIDE


**IT IS SO AGREED AND STIPULATED**.

DATED: November 24, 2015         PRISON LAW OFFICE



                                 By:      /s/ Sara Norman
                                       Sara Norman
                                       Attorneys for Plaintiffs

# ORDER

Pursuant to the stipulation of the parties and following careful review of the expert reports filed under separate cover and the Third Amended Complaint, the Court hereby certifies a subclass of all prisoners who are now, or will be in the future, subjected to policies and practices of the Riverside jails regarding specialized or sheltered housing for prisoners due to their mobility impairments and need for assistive devices, and the provision and confiscation of accommodations for prisoners with mobility impairments.

Pursuant to the stipulation of the parties and following careful review of the expert reports filed under separate cover, and as mandated by 18 U.S.C. Section 3626, the Court hereby finds that the remedy set forth herein is narrowly drawn, extends no further than necessary to correct the violation of the federal rights, and is the least intrusive means necessary to correct the violation of the federal rights.

Therefore and good cause appearing, the Court approves this Consent Decree, orders the parties to comply with all its terms, and orders Defendant to implement the attached Remedial Plan pursuant to the schedule set forth therein.

**IT IS SO ORDERED.**

Dated: June 07, 2016

_____
The Honorable Virginia A. Phillips
U.S. District Court Judge