PRISON LAW OFFICE
DONALD SPECTER (SBN 83925)
SARA NORMAN (SBN 189536)
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621
Email:  dspecter@prisonlaw.com
        snorman@prisonlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINTON GRAY, et al., on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br>v.<br>COUNTY OF RIVERSIDE,<br>Defendant. | Case No. EDCV13-0444 VAP (OP)<br><br>**CLASS ACTION**<br><br>**STIPULATION AND PROPOSED ORDER TO REVISE COVID-19 PLAN** |

　　　　On April 4, 2020, this Court granted Plaintiffs' Emergency Motion to Enforce the Consent Decree and ordered Defendant to develop and implement a plan to minimize the spread of COVID-19 in the Riverside County jails, consistent with the guidance of the Centers for Disease Control and Prevention and the Court experts. ECF No. 193.  July 23, 2020, the Court ordered Defendant to implement the plan that the parties had negotiated.  ECF No. 202.

　　　　Since that time, Defendant has worked to implement the Court-ordered plan. Recognizing the importance of out-of-cell time for the physical and mental health of people in the jails, Defendant sought to modify the plan to expand the size of cohorts throughout the jails to allow more dayroom time for people in celled housing while also managing risk of exposure to the coronavirus.  The parties

negotiated in good faith and agreed that the following modification to Defendant's COVID-19 plan would serve those interests. Accordingly, the parties stipulate to the following:

    1. In celled housing, the four-person cohorts will be expanded to ten-person cohorts, allowing 10 people out of their cells in the dayroom at a time. All other measures remain the same, and people in the dayroom will be required to wear masks and keep six feet of physical distance where possible. This step is taken for the purpose of providing people housed in cells more time out of their cells.

    2. In dorm housing, people will no longer be required to remain on their beds when other cohorts have dayroom time. People will be allowed to move around the dorm without limitations by cohort. All other measures remain the same, and people off their beds will be required to wear masks and keep six feet of physical distance where possible.

    3. The County will provide plaintiffs' counsel with weekly data reports of (a) out-of-cell time for each cohort in each celled housing unit for each day and (b) test results as required in the current plan but including two additional pieces of information for confirmed cases: the purpose of the testing (booking, symptoms, by request, contact tracing, etc.) and the housing location at the time of testing. The out of cell data will be a week "behind" due to the time required to compile the information.

    4. The parties will engage in future discussions regarding increasing dorm capacity and adjusting cohort size based on testing results, data, and developing science on COVID-19 transmission.

    The parties further stipulate that this relief meets the requirements of 18 U.S.C. § 3626: the relief is narrowly drawn, extends no further than necessary to ensure the protection of the federal constitutional and statutory rights of Plaintiffs, and is the least intrusive means necessary to accomplish those objectives.

**IT IS SO AGREED AND STIPULATED**.

DATED: October 14, 2020    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____/s/ Arthur K. Cunningham_____
Arthur K. Cunningham
Attorneys for Defendant,
COUNTY OF RIVERSIDE

**IT IS SO AGREED AND STIPULATED**.

DATED: October 14, 2020    PRISON LAW OFFICE

By: _____/s/ Sara Norman_____
Sara Norman
Attorneys for Plaintiffs

All signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing

/s/ Sara Norman
Sara Norman