1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12

13

14

15

16

QUINTON GRAY, et al., on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

COUNTY OF RIVERSIDE,

Defendant.

Case No. EDCV13-0444 VAP (OP)

**CLASS ACTION**

**ORDER TO REVISE COVID-19 PLAN**

17

18

19

20

21

22

23

      On April 4, 2020, this Court granted Plaintiffs' Emergency Motion to Enforce the Consent Decree and ordered Defendant to develop and implement a plan to minimize the spread of COVID-19 in the Riverside County jails, consistent with the guidance of the Centers for Disease Control and Prevention and the Court experts. ECF No. 193.  On July 23, 2020, the Court ordered Defendant to implement the plan that the parties had negotiated.  ECF No. 202.

24

25

26

27

28

      The parties have reported that since that time, Defendant has worked to implement the Court-ordered plan.  According to the parties, in recognition of the importance of out-of-cell time for the physical and mental health of people in the jails, Defendant sought to modify the plan to expand the size of cohorts throughout

1   the jails to allow more dayroom time for people in celled housing while also

2   managing risk of exposure to the coronavirus.  The parties negotiated in good faith

3   and agreed that the following modification to Defendant's COVID-19 plan would

4   serve those interests:

5        1.  In celled housing, the four-person cohorts will be expanded to ten-person

6   cohorts, allowing 10 people out of their cells in the dayroom at a time.  All other

7   measures remain the same, and people in the dayroom will be required to wear

8   masks and keep six feet of physical distance where possible.  This step is taken for

9   the purpose of providing people housed in cells more time out of their cells.

10        2.  In dorm housing, people will no longer be required to remain on their beds

11   when other cohorts have dayroom time.  People will be allowed to move around the

12   dorm without limitations by cohort.  All other measures remain the same, and

13   people off their beds will be required to wear masks and keep six feet of physical

14   distance where possible.

15        3.  The County will provide plaintiffs' counsel with weekly data reports of (a)

16   out-of-cell time for each cohort in each celled housing unit for each day and (b) test

17   results as required in the current plan but including two additional pieces of

18   information for confirmed cases: the purpose of the testing (booking, symptoms, by

19   request, contact tracing, etc.) and the housing location at the time of testing.  The out

20   of cell data will be a week "behind" due to the time required to compile the

21   information.

22        4.  The parties will engage in future discussions regarding increasing dorm

23   capacity and adjusting cohort size based on testing results, data, and developing

24   science on COVID-19 transmission.

25        The Court agrees.  Based on the record in this case, the Court finds that this

26   relief meets the requirements of 18 U.S.C. § 3626: the relief is narrowly drawn,

27   extends no further than necessary to ensure the protection of the federal

28   constitutional and statutory rights of Plaintiffs, and is the least intrusive means

1  necessary to accomplish those objectives.

2         IT IS HEREBY ORDERED that Defendant's COVID-19 Plan is amended as

3  stated herein.

4

5     Dated: October 14, 2020                          _____

6                                                      Hon. Virginia A. Phillips, Judge
                                                       United States District Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER REVISING COVID-19 PLAN